**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANGEL GUZMAN-AVILES,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-20017/18-2007

## MEMORANDUM AND ORDER

This matter comes before the court upon petitioner Angel Guzman-Aviles' Motion to Vacate Under 28 U.S.C. § 2255. (Doc. 80.)

### I. Background

On May 4, 2015, the day his trial was set to begin, petitioner entered a guilty plea with no plea agreement to Count I of the indictment—possession with intent to distribute more than fifty grams of methamphetamine. He was sentenced to 235 months imprisonment to be followed by a term of 5 years supervised release. He appealed to the Tenth Circuit, arguing that the court incorrectly increased his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon in connection with his drug offense. The Tenth Circuit affirmed on November 7, 2016.

Petitioner filed his § 2255 petition on January 8, 2018, claiming that trial counsel, Forrest Lowry, was ineffective. The three grounds petitioner raises are: (1) counsel did not explain that petitioner would be accepting responsibility for possession of weapons not contained in the indictment and did not advise him to take a more beneficial plea agreement; (2) counsel did not question a change in the base offense level from 34 to 38 in the presentence investigation report ("PSR"); and (3) counsel did not challenge

-1-

the court's decision to give petitioner a two-point reduction for acceptance of responsibility instead of three.

## II. Legal Standard

### a. Pro Se Litigants

Where a plaintiff proceeds pro se, the court construes his or her filings liberally and holds them to less stringent standards than pleadings filed by lawyers. *Barnett v. Corr. Corp of Am.*, 441 F. App'x 600, 601 (10th Cir. 2011). Pro se plaintiffs are nevertheless required to follow the Federal and Local Rules of practice and the court does not assume the role of advocating for pro se plaintiffs. *United States v. Porath*, 553 F. App'x 802, 803 (10th Cir. 2014).

### b. Petitions For Ineffective Assistance Of Counsel Under 28 U.S.C. § 2255

The Tenth Circuit has explained that:

> [t]o succeed on an ineffective assistance of counsel claim under § 2255, a defendant has the twofold burden of establishing that (1) defense counsel's performance was deficient, *i.e.*, counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms, and (2) defendant was prejudiced thereby, *i.e.*, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Courts "considering a claim of ineffective assistance must apply a *strong presumption* that counsel's representation was within a wide range of reasonable professional assistance." *Id.* at 1306 (quoting *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (emphasis in original)).

## III. Discussion

### *The Firearm Enhancement*

Petitioner first suggests that his counsel was ineffective because he was not given notice that he would be held responsible for having a firearm in connection with the drug conspiracy. He correctly states that the indictment does not mention a firearm. (Doc. 13.) The PSR mentions that a confidential

-2-

informant ("CI") proffered that the CI purchased guns from petitioner on three to four occasions over the previous several months. (Doc. 46, at 4.) The PSR was filed on August 5, 2015. Petitioner filed two briefs objecting to the PSR, one filed by counsel on August 31, 2015 (Doc. 53) and one filed pro se by petitioner on September 16, 2015 (Doc. 56). Among other things, counsel's brief requested that the two-point enhancement for use of a firearm in connection with a drug felony be removed from petitioner's sentencing calculations. Counsel argued for this relief for many of the same reasons petitioner raises in his briefing on this matter. Petitioner was not caught with a firearm or ammunition. Petitioner never admitted to selling the CI weapons or to possessing any himself.

Despite these arguments, the court relied on the CI's testimony to apply the two-point firearm enhancement. The court explained the testimony relied upon at sentencing, specifically noting the CI's testimony that he only knew petitioner in the context of drug transactions. The court found the CI's testimony credible. Petitioner appealed and the Tenth Circuit affirmed this court's decision (Doc. 79).

Petitioner has not shown that his counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel's representation was not ineffective.

### *Failure to Accept Previous Plea Offers*

Second, petitioner argues that counsel was ineffective because counsel did not tell petitioner that he was offered a Fed. R. Crim. P. 11(c)(1)(C) plea agreement for 135 months imprisonment. Petitioner suggests that the court request that the prosecution re-offer the 135–month plea offer. The court does not have the ability to make such a request.

On May 4, 2015, before trial was set to begin, the government made a record of the plea negotiations that had taken place in this case up to that point. Following the proffer, defense counsel stated, "That's correct, your honor, there was an offer for an 11(c)(1)(C) several weeks ago, and then there was also a second offer after that for a more standard plea agreement which we did consider, and

- - and my client rejected." (Doc. 77, at 3.) The court then asked petitioner "Mr. Guzman-Aviles, Mr. Lowry informed the court, your attorney, that there in fact had been some plea offers to you from the government, but that in the end, you decided that you did not want to plead guilty. Is that correct?" (*Id.*) Petitioner responded, "your honor, the reason for not pleading guilty is that my understanding is that I am getting ten to life, and I think I can get five to 40, and if I could get that, I would be willing to plead." (*Id.*) After this response, the court explained that the government, not the court, can offer plea agreements and that the court would only impose a sentence once a jury gave a verdict or petitioner pleaded guilty.

The government then determined that a more detailed record should be made, given petitioner's answer. The prosecutor explained

> I do have every reason to believe that Mr. Lowry has explained these things to his client, because Mr. Lowry and I have talked about this in detail. . . . The defendant did make a counter-offer in which he would plead to nine years imprisonment. The government rejected that offer. That would have been an 11(c)(1)(C) plea. One of the offers to the defendant was an 11(c)(1)(C) of 135 months. The other was - - which was the defendant plead, and all guideline provisions would be open for argument. That would include whether the defendant was safety valve eligible. If the defendant was safety valve eligible, and if the defendant's base offense level started at a certain amount, which he would be open to argue for, he would receive less than ten years. As a matter of fact, there is a scenario - - although I've told Mr. Lowry I did not think it was likely, there is a scenario by which he could receive between six and seven years, but that would entail the defendant prevailing on certain positions and arguments at sentencing . . . those are issues for sentencing. Those are issues that have nothing to do with guilt or innocence, and if those are the reasons the defendant is proceeding to trial, if he's not really contesting or doesn't think that he will prevail on the guilt or innocence issue but wants to litigate the sentencing issues, those are things that are available to him whether or not he goes to trial.

(*Id.* at 5.) After the prosecutor's statement, petitioner discussed his options with his attorney and decided to plead guilty without a plea agreement. Defense counsel stated that

> I think we're prepared this morning just to enter a - - an open plea of guilty to the charge in the indictment based on our discussions. That leaves us - - us with some options, and my - - I've explained that to my client, and he has accepted that idea, so we are prepared to plead guilty this morning right now.

-4-

(*Id.* at 6.) The court then again directly asked petitioner some questions. Petitioner agreed that he had spoken with his attorney and knowingly and voluntarily wanted to plead guilty to Count I. The record indicates that petitioner and defense counsel discussed prior plea deals and that petitioner declined them because he wanted to negotiate for a lower sentence and keep his options open to make certain arguments at sentencing.

"The failure to inform a defendant of a favorable plea agreement (deficient performance) is a viable ineffective assistance of counsel claim when a defendant can prove that but for counsel's deficient performance, he would have accepted the plea (prejudice)." *United States v. Castro*, 365 F. App'x 966, 967–68 (10th Cir. 2010) (citing *Williams v. Jones*, 571 F.3d 1086, 1090 n.3, 4 (10th Cir. 2009)).

In his briefing, petitioner claims that "had counsel made known such an offer of 135 months under Rule 11(c)(1)(C) was available he would have accepted without hesitation. Counsel never reviewed with the petitioner the above mentioned offer." (Doc. 87, at 6.) But this statement is not supported by the record. At the hearing on May 4, 2015, counsel stated on the record that there had been an 11(c)(1)(C) plea offer and one other that petitioner had rejected. Petitioner then confirmed that the reason he had done so was "it was [petitioner's understanding . . . that [he was] getting ten to life, and [he thought he could] get five to forty, and if [he could] get that, [he] would be willing to plead." (Doc. 77, at 3.) The Rule 11(c)(1)(C) plea offer was for 135 months, or 11.25 years. Petitioner has not shown that he would have accepted the plea, even if he could show that counsel failed to tell him about it. In other words, petitioner has not shown that he was prejudiced by any failure to convey the plea offer. In any event, the court finds that the plea offer was conveyed, and petitioner decided not to accept it, instead entering an open plea so that he could make various arguments at sentencing.

*Drug Quantity*

-5-

Petitioner's third argument is that the PSR attributed to him an amount of drugs that was never proven. Petitioner states that counsel abandoned the argument that the drug quantity was unproven. He claims that counsel should have informed the court that petitioner was entitled to a two-point reduction under Amendment 782.

Counsel objected to the drug quantities in the PSR. (Doc. 46, at 13.) Counsel argued that other than the CI's proffer, there was no proof that petitioner sold the amounts attributed to him in the PSR. The government and probation officer responded that the amount would be proven by the testimony of the CI, but that even if it were not, petitioner's base offense level would not change. That is why at sentencing, defense counsel did not argue the objection to the drug quantity attributed to petitioner, because "while there is a difference in quantity, it's a difference without really a distinction as far as sentencing goes." (Doc. 68, at 8.)

A Kansas City, Kansas police officer testified at sentencing. He stated that petitioner's proffer statement admitted to selling the CI drugs for about three months, which was consistent with the CI's testimony. The officer testified that although the amounts of drugs the CI claimed petitioner sold him and the amount of drugs petitioner admitted he sold were not the same, they were very consistent and the amounts were "close." (Doc. 68, at 58.) The officer also testified that he did not believe that petitioner told the police everything when he gave his statement.

The CI's testimony established that petitioner supplied five to seven pounds of drugs a week for about three months—over 27 kilograms. (*Id.* at 17.) As discussed above, the court found Mr. Leal's testimony credible regarding the drug quantity attributable to petitioner. Even if counsel had argued that the drug quantity was too high, the court believed the testimony of the CI. Petitioner has not shown prejudice and therefore he has not shown that counsel was ineffective.

*Acceptance of Responsibility Reduction*

Petitioner's final argument is that counsel's cumulative errors caused him to receive only a two-level reduction instead of a three-level reduction for acceptance of responsibility.

The United States Sentencing Guidelines § 3E1.1(a) provides that "If the defendant clearly demonstrates acceptance of responsibility for his offense, decease the offense level by **2** levels." Part (b) provides for an additional level reduction, when the offense level is 16 or greater, and if the government moves for it saying, "that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b).

It was up to the government to move for the additional 1-level reduction, and it did not. Defense counsel had no say in the matter, and any objection to the government's decision not to move for the additional 1-level reduction would have been overruled. This case was not the type envisioned for the additional reduction. Petitioner waited to plead guilty until the day of trial, with a jury pool waiting to be empaneled, and the parties and the court prepared to go forward. As described above he had multiple opportunities to enter a plea before the first day of trial. He cannot now complain about losing the additional 1-level reduction for acceptance of responsibility.

To the extent petitioner is arguing that it was his counsel's fault that he did not plead guilty until the day trial was set to begin, the court does not find this argument credible. As the court set out above, petitioner has not shown that counsel was ineffective. To the contrary, the court's recollection is and the record confirms that defense counsel advocated effectively for his client. Because petitioner has not shown that counsel was ineffective, his motion to vacate is denied.

The court finds that an evidentiary hearing is not necessary or helpful in this case. Courts must generally hold an evidentiary hearing "[u]nless the motion and the files and records of the case

-7-

conclusively show that the prisoner is entitled to no relief . . ." § 2255(b).  The record conclusively shows that petitioner is not entitled to relief.

Rule 11 of the rules governing § 2255 provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. § 2255.  Petitioner must make a "substantial showing of the denial of a constitutional right" in order for the district court to issue a certificate of appealability.  § 2253(c)(2).  A petitioner may meet this burden by "showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  A petitioner must show "something more than the absence of frivolity or the existence of mere good faith on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Barefoot*, 463 U.S. at 893).  The court must "indicate which specific issue or issues satisfy the showing required. . . ." § 2253(c)(3).  If the district court denies a certificate, the parties may seek a certificate from the Tenth Circuit.

For the reasons discussed above, petitioner has not made a substantial showing that his constitutional rights were violated and is therefore not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 80) is denied.

Dated May 30, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**

-8-