## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                          Case No. 14-20017-01-JWL

Angel Guzman-Aviles,

        Defendant.

### MEMORANDUM AND ORDER

Defendant Angel Guzman–Aviles was charged in a one-count indictment with possession with intent to distribute more than fifty grams of methamphetamine. In May 2015, he entered a guilty plea.   Because of the quantity of drugs involved in the crime of conviction, the Presentence Investigation Report ("PSR") assigned defendant a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1). The PSR subtracted two levels pursuant to U.S.S.G. § 3E1.1(a) to reflect defendant's acceptance of responsibility, but added two levels based on defendant's possession of a dangerous weapon during the crime of conviction. *See id*. § 2D1.1(b)(1).   Based on a total offense level of 38 and a criminal history score of 1, the PSR calculated an advisory guidelines range of 235–293 months imprisonment.   In October 2015, the judge assigned to this case at the time sentenced defendant to 235 months imprisonment. Defendant appealed his sentence, arguing that the sentencing judge erred when it found that defendant possessed a dangerous weapon in connection with the drug offense. The Circuit affirmed defendant's sentence. *United States v. Guzman-Aviles*, 663 Fed. Appx. 674 (10th Cir. 2016). This matter is presently before the court on defendant's pro

se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 91) and his motion to appoint counsel (doc. 100).

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*.[1] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying

---

[1] The government concedes that defendant has exhausted his administrative remedies.

compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Here, defendant requests relief under the provision concerning an unusually long sentence where there has been a change in law, in conjunction with his rehabilitation while in custody. U.S.S.G. § 1B1.13(b)(6). Defendant contends that, if sentenced today, his base offense level would be 30 with a corresponding advisory guidelines range of 97-121 months and a resulting mandatory minimum sentence of 120 months.  According to defendant, when he inputs 50 grams of methamphetamine into the Sentencing Commission's Drug Conversion Calculator, his base offense level is now 30 rather than 38.  But as set forth in defendant's Presentence Investigation Report, defendant was accountable for more than 27 kilograms of "Ice" methamphetamine and over 108 kilograms of marijuana.  The combination of methamphetamine and marijuana attributed to defendant resulted in a total marijuana equivalency of 544,508.9 kilograms of marijuana.  That quantity is still well above the 90,000 kilograms minimum required for a base offense level of 38.

In other words, if sentenced today, defendant would still face the same guidelines sentence because the converted drug weight as determined in the PSR still results in a base offense level of 38 and his two-level reduction for acceptance of responsibility and two-level increase for possessing a dangerous weapon still apply.  Defendant, then, has not shown that he is entitled to relief under § 1B1.13(b)(6) because there is no change in law that results in any disparity between the sentence he is serving and the sentence likely to be imposed today.

Lastly, the court denies defendant's motion to appoint counsel—a motion that was filed two weeks after defendant filed his reply brief. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And here, defendant's pro se motion for sentence reduction reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion are straightforward.  Having given defendant the benefit of all doubts with respect to his motion, the court is confident that the appointment of counsel would have no bearing on the outcome of that motion. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 91) is denied and his motion to appoint counsel (doc. 100) is denied.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2024, at Kansas City, Kansas.

4

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge