IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                        Case No. 14-20017-01-JWL

**Angel Guzman-Aviles,**

      **Defendant.**

**MEMORANDUM AND ORDER**

Defendant Angel Guzman–Aviles was charged in a one-count indictment with possession with intent to distribute more than fifty grams of methamphetamine. In May 2015, he entered a guilty plea. Because of the quantity of drugs involved in the crime of conviction, the Presentence Investigation Report ("PSR") assigned defendant a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1). The PSR subtracted two levels pursuant to U.S.S.G. § 3E1.1(a) to reflect defendant's acceptance of responsibility, but added two levels based on defendant's possession of a dangerous weapon during the crime of conviction. *See id*. § 2D1.1(b)(1). Based on a total offense level of 38 and a criminal history score of 1, the PSR calculated an advisory guidelines range of 235–293 months imprisonment. In October 2015, the judge assigned to this case at the time sentenced defendant to 235 months imprisonment. Defendant appealed his sentence, arguing that the sentencing judge erred when it applied the firearm enhancement and when it denied defendant relief under the safety-valve provision. The Circuit affirmed defendant's sentence in both respects. *United States v. Guzman-Aviles*, 663 Fed. Appx. 674 (10th Cir. 2016).

In July 2024, this court denied defendant's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of defendant's failure to show a change in the law resulting in a gross sentencing disparity for purposes of establishing extraordinary and compelling reasons for relief under § 1B1.13(b)(6). The Circuit affirmed that decision. *See United States v. Guzman-Aviles*, 2025 WL 615386 (10th Cir. Feb. 26, 2025). This matter is presently before the court on defendant's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and § 3582(c)(2) (doc. 109). Relief is available under § 3582(c)(1)(A) if there are extraordinary and compelling reasons to reduce the sentence. *United States v. Hassen*, 2025 WL 1937506, *1 (10th Cir. July 15, 2025). Relief is available under § 3582(c)(2) if the Sentencing Commission retroactively amends the guidelines in a way that would have reduced the defendant's guideline range. *Id*. While defendant does not link his specific arguments to either statute, it is clear that he is not entitled to relief under either one.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[1] A court may deny compassionate-release motions when any of the three

---

[1] The government contends that defendant has not exhausted his administrative remedies with respect to the arguments contained in his motion. The court concludes that defendant's prior

prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B1.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be

---

administrative complaint was sufficient to encompass the issues raised here or, alternatively, that exhaustion was not required because the BOP was not authorized to grant a reduction based on the grounds asserted by defendant.

imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Here, defendant does not identify which category of U.S.S.G § 1B1.13(b) justifies a sentence reduction. Instead, defendant simply argues that the sentencing judge erred in finding defendant ineligible for safety-valve relief and in finding that defendant possessed a firearm in connection with the offense; and that defendant should have received the third point for acceptance of responsibility. According to defendant, a correction of these Guideline calculations would result in a sentence of 168 months. Defendant also emphasizes what he describes as "exemplary" conduct while in custody; the fact that he will be deported upon release; and the significant hardship he and all prisoners endured during the COVID pandemic.

The government construes defendant's arguments about substantive errors in his Guideline calculations under the provision concerning an unusually long sentence where there has been a change in law that produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed. U.S.S.G. § 1B1.13(b)(6). But defendant fails to identify any change in law concerning his sentence, let alone a change that produces a gross disparity between the sentence he is serving and the one likely to be imposed now. Moreover, the errors alleged by defendant are not the type that can be remedied in the context of a motion for compassionate release. The Circuit has recognized that § 2255 is the appropriate procedural vehicle to challenge alleged errors in a PSR. *United States v. Brumley*, 753 Fed. Appx. 594, 599 (10th Cir. 2018) (district court had jurisdiction to consider § 2255 petition where defendant was seeking to correct an alleged error in his PSR) (citing *United States v. Gattas*, 862

4

F.2d 1432, 1434 (10th Cir. 1988)). This argument, then, is not cognizable under § 3582(c)(1)(A) and this aspect of defendant's motion for sentence reduction is dismissed.[2]

The court turns to defendant's arguments concerning his imminent deportation and his conditions of confinement during COVID. This argument does not fall within the listed categories in U.S.S.G § 1B1.13(b) and is not similar in gravity to the circumstances identified in the first four categories of the applicable policy statement such that it might satisfy the catch-all provision in subsection (b)(5). Moreover, defendant has not established that these conditions are sufficiently extraordinary and compelling to justify a sentence reduction. He has provided no binding authority in support of his argument that imminent deportation supports a reduction. The conditions he describes relating to the COVID pandemic are conditions that nearly every inmate endured. These arguments, then, are denied. *See United States v. Cortez-Diaz*, 2024 WL 263187, at *3 (D. Kan. Jan. 23, 2024) (pandemic conditions that affect all inmates equally do not warrant sentence reduction). While defendant also contends that his rehabilitation warrants a sentence reduction, the court's rejection of defendant's other arguments is fatal to this argument. *See* 28 U.S.C. § 994(t) (rehabilitation alone is not an extraordinary and compelling reason for release).

Lastly, the court turns to defendant's reliance on Amendment 821 for a reduction, which the court analyzes under § 3582(c)(2). Part B of Amendment 821, which became effective on

---

[2] Even if § 3582(c)(1)(A) was the appropriate procedural vehicle to resolve defendant's complaints about the sentencing judge's Guidelines calculations, defendant's arguments with respect to the firearm enhancement and safety-valve eligibility are barred by the law of the case doctrine. The Tenth Circuit has affirmed the sentencing judge's rulings on both of those issues. *United States v. Guzman-Aviles*, 663 Fed. Appx. 674 (10th Cir. 2016). This court, then, could not consider the merits of his argument even if defendant had presented his argument through a proper procedural vehicle. *See United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (law of the case doctrine precludes court from considering arguments that were raised and adjudicated on appeal).

November 1, 2023, and applies retroactively, amended Chapter Four of the Sentencing Guidelines to create Guideline § 4C1.1. That section authorizes a reduction of two offense levels for defendants with zero criminal history points and who satisfy certain other criteria. *See* U.S.S.G. § 4C1.1. Specifically, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1(a).

Defendant plainly fails to meet Amendment 821's eligibility requirements. While defendant received zero criminal history points, he received a two-level enhancement for

6

possessing a dangerous weapon in connection with the offense. *See* Doc. 46, PSR ¶ 19. This enhancement renders him ineligible for relief under § 4C1.1(a)(7). While he urges that this enhancement was not appropriate, the court is not authorized at this juncture to resolve what amounts to a substantive objection to the PSR. In any event, the Circuit has already affirmed the sentencing judge's application of the enhancement. *See United States v. Guzman-Aviles*, 663 Fed. Appx. 674, 678 (10th Cir. 2016) ("Because the government has shown by a preponderance of the evidence the existence of a temporal and spatial relation between the firearm, Guzman–Aviles, and drug trafficking activity, the district court did not err when it applied the § 2D1.1(b)(1) enhancement."). Because the Tenth Circuit has already examined and resolved the argument that defendant again pursues in this court, the court could not consider the merits of his argument even if defendant had presented his argument through a proper procedural vehicle. *See United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018) (law of the case doctrine precludes court from considering arguments that were raised and adjudicated on appeal).[3] Thus, because the reduction is not authorized, the court lacks jurisdiction to reduce defendant's sentence under Amendment 821.[4]

---

[3] While there are narrow exceptions to the law-of-the-case doctrine, none are present here. *See Trent*, 884 F.3d at 994-95 (exceptions include when the evidence in a subsequent trial is substantially different; when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or when the decision was clearly erroneous and would work a manifest injustice).

[4] In his motion, defendant summarily requests a reduction pursuant to Amendments 817 and 820. The court is not authorized to reduce defendant's sentence pursuant to these amendments. They are not "covered" amendments for purposes of § 3582(c)(2), *see* U.S.S.G. § 1B1.10(d), and, because they do not apply retroactively, they cannot be relied upon to establish an extraordinary and compelling reason to justify compassionate release for purposes of § 3582(c)(1)(A). *See* U.S.S.G. 1B1.13(b)(6).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and § 3582(c)(2) (doc. 109) is denied in part and dismissed in part.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2025, at Kansas City, Kansas.

s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge
